Dismissed and Memorandum Opinion filed February 10, 2005









Dismissed and Memorandum Opinion filed February 10,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00094-CR

NO.
14-05-00095-CR

____________

 

RONALD DWAYNE
WHITFIELD, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
337th District Court

Harris County,
Texas

Trial Court Cause Nos. 525,468
& 528,856 

 



 

M E M O R A N D U M   O P I N I O N








Appellant=s probation of the sentence in his conviction for theft in
cause number 525,468 was revoked and appellant was sentenced to confinement in
the Institutional Division of the Texas Department of Criminal Justice for five
years on July 26, 1989.  After a plea of
guilty, appellant was convicted of the offense of burglary of a motor vehicle
with intent to commit theft in cause number 528,856, and on August 11, 1989, appellant
was sentenced to confinement for five years in the Institutional Division of
the Texas Department of Criminal Justice. 
No timely notices of appeals were filed. 
Appellant did not file his pro se notice of appeal of these
convictions until December 30, 2004.  Our
record does not reflect that the Court of Criminal Appeals granted appellant
leave to file an out-of-time appeals.

A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no action
other than to dismiss the appeal.  Id.

In addition, the trial court entered a certification of the
defendant=s right to appeal in each case in
which the court certified that each is a plea bargain case, and the defendant
has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court=s certifications are included in the
records on appeal.  See Tex. R. App. P. 25.2(d).

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 10, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).